Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 90 C 4984 | DATE | NOVEMBER 28, 2001 |
| CASE TITLE | ROBERT PETIT, et al. v. CITY OF CHICAGO, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's emergency motion to strike plaintiffs' proposed special interrogatories and facts and for other relief [279] is granted in part and denied in part. By December 12, 2001, defendant may supplement the final pretrial order with its objections to plaintiffs' proposed special interrogatories. Plaintiffs' amended motion to reinstate dismissed females [280] is denied. Both sides' pretrial order forms are made part of the final pretrial order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 29 2001 | |
| | Notified counsel by telephone. | | date docketed | 292 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | NOV. 28, 2001 | |
| CW | courtroom deputy's initials | NOV 28 PM 5:12 | date mailed notice | |
| | | | MQM | |
| | | Date/time received in central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT PETIT, et al., )
)
Plaintiffs, )
)
v. ) No. 90 C 4984
)
CITY OF CHICAGO, a municipal )
corporation, )
)
Defendant. )

DOCKETED
NOV 29 2001

**MEMORANDUM OPINION AND ORDER**

On November 21, 2001, more than three years after the date originally set for the filing of the final pretrial order,[1] the parties finally filed their final pretrial order. As has been true throughout the protracted history of this case, the parties had substantial difficulties working together. The parties were unable to produce any part of the pretrial order that required the two sides to agree; they were only able to submit the schedules that could be independently produced by each side. The final pretrial order does not contain a single agreed statement of fact nor could the parties produce an agreed statement of disputed facts or an agreed statement describing the

---

[1]On September 11, 1998, upon ruling on the then pending motions for summary judgment, presentation of the final pretrial order was set for October 20, 1998. See Petit v. City of Chicago, 31 F. Supp. 2d 604, 615-16 (N.D. Ill. 1998).

292

history of settlement negotiations. They could not even agree on the basic pretrial order form to which the schedules are appended. Each side submitted their/its own pretrial order form. While both forms contain typographical or other minor errors and although there are some disagreements between the two forms, none of the errors or disagreements go to a substantive issue that need be clarified or resolved. The final pretrial order will be accepted with both forms. Although neither side signed their/its respective form, the parties verified in open court that this was their final pretrial order. The parties will be bound by the schedules they have submitted.

Defendant moves to strike plaintiffs' proposed special interrogatories (jury instructions) and plaintiffs' contested issues of fact, contending the final versions were not provided to defendant until shortly before the final pretrial order was to be submitted. Those portions of the pretrial order will not be stricken, but defendant is granted until December 12, 2001 to file a supplement to the final pretrial order containing defendant's objections to plaintiffs' proposed special interrogatories. The pretrial order does not require a response to plaintiffs' statement of contested facts. Defendant, however, contends some allegedly new facts may raise issues not addressed by defendant. To the extent defendant decides that the allegedly new facts indicate that it should file an additional motion in limine or that it should amend some part of the pretrial order, defendant must <u>promptly</u> move to file an additional motion in

-2-

limine or amend the final pretrial order. If any such motion is presented, the court will decide at that time whether circumstances justify permitting such a motion or amendment.

On August 29, 2001, plaintiffs filed a motion to reinstate female plaintiffs. As explained in this court's September 26, 2001 ruling, that motion came too late to be considered on its merits. See Petit v. City of Chicago, 2001 WL 1143163 *2 (N.D. Ill. Sept. 27, 2001).[2] After further delays in presenting the final pretrial order, plaintiffs filed an amended motion to reinstate two female plaintiffs. This motion was filed on November 20, 2001, the day before the final pretrial order was finally presented. For the reasons stated in the September 26 order, plus three more months of delay, the present motion is also too late to merit consideration. Even taking at face value that the City's "mock list" is material and that plaintiffs could not have produced the same analysis themselves, plaintiffs admit they received the mock list on April 10, 2001. Nevertheless, they waited almost five months (until August 29) to bring a nearly incomprehensible motion for reconsideration. It was over seven months after receiving the mock list and nearly two months after the court's prior ruling (November 20) before plaintiffs again filed a motion to reconsider. Although the present motion is more detailed and provides an outline of plaintiffs' contention, it still does not fully explain the relationship

---

[2]Westlaw uses the date the order was docketed.

between the different lists and exactly how it is calculated that these two plaintiffs would have been hired. It still has not been shown that the mock list is pertinent evidence as well as being new discovery material. In any event, even if so shown, the motion is too late to be considered on its merits. The issue has previously been ruled upon twice and the final pretrial order has finally been filed. Plaintiffs' motion will be denied as untimely.

IT IS THEREFORE ORDERED that defendant's emergency motion to strike plaintiffs' proposed special interrogatories and facts and for other relief [279] is granted in part and denied in part. By December 12, 2001, defendant may supplement the final pretrial order with its objections to plaintiffs' proposed special interrogatories. Plaintiffs' amended motion to reinstate dismissed females [280] is denied. Both sides' pretrial order forms are made part of the final pretrial order.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 28, 2001