# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 90 C 4984 | **DATE** | 1/31/2002 |
| **CASE TITLE** | Petit vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to modify court's proposed jury instructions and jury verdict form is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| ✓ | Distributed in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 1 2002 date docketed | |
| | Notified counsel by telephone. | | | 327 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| cw courtroom deputy's initials | | 02 JAN 31 PM 5:03 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
FEB - 1 2002

ROBERT PETIT, et al.,           )
                                )
            Plaintiffs,         )
                                )
     v.                         )    No. 90 C 4984
                                )
CITY OF CHICAGO, a municipal    )
corporation,                    )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND ORDER

This case involves promotions within the Chicago Police Department ("CPD") and allegations that White police officers were discriminated against in the process. The promotions at issue were to the rank of sergeant and occurred from December 1988 through September 1991. It is undisputed that defendant City of Chicago "standardized" the examination scores of African-American and Hispanic candidates in a manner favorable to those candidates and that it also promoted Hispanic candidates out of the rank order that resulted from the standardization. See generally Petit v. City of Chicago, 31 F. Supp. 2d 604 (N.D. Ill. 1998).

This case has been on trial since January 15, 2002 and closing arguments are scheduled to begin the morning of January 31, 2002. In its proposed jury instructions filed with the final pretrial order, defendant requested that the jury be asked to resolve underlying factual issues only and respond in

the form of special verdicts. See Fed. R. Civ. P. 49(a). In light of the jury's findings, the court would then rule on the issues of whether a strong basis in the evidence supported that defendant had a compelling interest for standardizing the examination and promoting Hispanics out of rank order and whether such preferences were narrowly tailored. The format requested by defendant is similar to that followed in a case concerning CPD detective promotions during the same time period. See generally Majeske v. City of Chicago, 29 F. Supp. 2d 872 (N.D. Ill. 1998) ("Majeske I"), aff'd, 218 F.3d 816 (7th Cir. 2000) ("Majeske II"), cert. denied, 531 U.S. 1079 (2001). In Majeske, the parties apparently agreed to this procedure. See Majeske I, 29 F. Supp. 2d at 875. Majeske II contains no express discussion of any objection to this procedure.[1] In their proposed jury instructions in the present case, however, plaintiffs did not request the same format nor do they presently request such a format. Plaintiffs instead proposed that the jury respond to questions reaching the merits of the claims, not just the underlying facts.[2]

---

[1] The Seventh Circuit opinion states that additional issues were raised that are not discussed in the opinion. See Majeske II, 218 F.3d at 824 n.2. It is unknown whether that included any issues regarding the Rule 49(a) procedure. Regardless, Majeske II contains no holding as to the propriety of the procedure that was followed.

[2] Plaintiffs still object that the court's instructions do not instruct the jury regarding defendant's burden of production. Defendant's original submissions also requested instructions as to its burden of production, but they no longer contend such an instruction is appropriate. The Seventh Circuit has repeatedly held that juries are not to be instructed as to the prima facie

After considering the parties' proposals, the court drafted jury instructions which provided that the jury would resolve the ultimate issues of whether there was a strong basis in the evidence to support a compelling interest and, if so, if the preferential treatment was narrowly tailored. The court's draft instructions were provided to the parties on the day before the trial began and the parties were granted until January 22, 2002 to file written objections. Defendant thereafter raised objections that the Majeske-type procedure was required. In light of both sides' written objections, on January 28, the court provided the parties with a revised version of the instructions. The court did not revise the basic format of having the jury resolve the compelling interest and narrowly tailored issues. On January 29, the parties formally placed their objections on the record. Defendant again raised its objection to the format and the court stated its reasons for not modifying the format. On January 30, defendant filed a written motion again objecting to the format. Today's opinion again denies defendant's requested special verdict format.

The City contends that case law requires that the court, not the jury, decide the legal issues of compelling interest and

---

showing and burden-shifting that is often used by court's in analyzing employment discrimination cases. See Mattson v. Schultz, 145 F.3d 937, 938 (7th Cir.), cert. denied, 525 U.S. 963 (1998); Anchor v. Riverside Golf Club, 117 F.3d 339, 341 (7th Cir. 1997); Hennesey v. Penril Datacom Networks, Inc., 69 F.3d 1344, 1350 (7th Cir. 1995); Gehring v. Case Corp., 45 F.3d 340, 343 (7th Cir. 1994), cert. denied, 515 U.S. 1159 (1995). Whether defendant met its burden of production as to compelling interest and narrow tailoring was for the court to decide. See Anchor, supra; Hennesey, supra.

narrow tailoring. It further contends that, even if the court subsequently treats the jury's verdict as advisory and thereby makes the ultimate determination of compelling interest and narrow tailoring, defendant will have been deprived of its right to have the jury decide the underlying factual issues. For its contention that the court must be the one to determine compelling interests and narrow tailoring, defendant primarily relies on the following passage from Majeske II.

> Whether there is enough evidence to support a finding of a compelling governmental interest and thereby justify a race-conscious action is a question of law that we review de novo. Contractors Ass'n of Eastern Pa., [Inc. v. City of Philadelphia], 91 F.3d [586,] 596 [(3d Cir. 1996)]; Concrete Works of Colorado, [Inc. v. City & Cty. of Denver], 36 F.3d [1513,] 1522 [(10th Cir. 1994)]. Similarly, we apply plenary review to the issue of whether the City's affirmative action plan was narrowly tailored. Contractors Ass'n of Eastern Pa., 91 F.3d at 596. Finally, since the City prevailed at trial, we will view the facts in the light most favorable to the City and draw all reasonable inferences in its favor. See McNamara [v. City of Chicago], 138 F.3d [1219,] 1223 [(7th Cir. 1998)].

Majeske II, 218 F.3d at 820.

Defendant reads too much into this passage. Sufficiency of the evidence to support a verdict is always a legal question for which the reviewing court, as with all legal issues, has de novo or plenary review. See Lenker v. Methodist Hospital, 210 F.3d 792, 796 (7th Cir. 2000); Pierce v. Atchison, Topeka & Santa Fe Ry., 65 F.3d 562, 567-68 (7th Cir. 1995); Agretti v. ANR Freight System, Inc., 982 F.2d 242, 246 (7th Cir. 1992); Dean Foods Co. v. Brancel, 187 F.3d 609, 616 (7th Cir. 1999). See

also United States v. Hill, 196 F.3d 806, 808 (7th Cir. 1999) ("basically there is deferential review and non-deferential (plenary) review"). The Contractors Association case cited in Majeske II does indicate a distinction between clearly erroneous review of underlying facts and plenary review of the ultimate legal questions of compelling interest and narrow tailoring. 91 F.3d at 596. Contractors Association, however, concerned review of a district court grant of an injunction and therefore, as with any determination by the bench that requires express findings of fact, there were factual determinations that would be reviewed on a different standard than the legal determinations. The ordinary jury trial does not as clearly allow for such distinctions. Concrete Works was a summary judgment ruling and it simply stated the usual distinction between review of underlying factual determinations and review of the ultimate legal conclusion. 36 F.3d at 1522. Similarly, the trial court in Majeske followed Rule 49(a) procedures that allowed for two distinct levels of review: review of the jury's fact determinations and review of the legal conclusions the judge drew from those facts. See Freeman v. Chicago Park District, 189 F.3d 613, 616 (7th Cir. 1999). Whether to use Rule 49(a) procedures is permissive, not mandatory. See Fed. R. Civ. P. 49(a) ("[t]he court may require a jury to return only a special verdict"); Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 171 (2d Cir. 1998). Majeske II does not mandate the type of special verdict employed in that case, nor does it mandate a more exacting level of review than that ordinarily employed in reviewing a jury verdict. To

the extent the issue is raised on properly preserved motions for judgment as a matter of law, see generally Fed. R. Civ. P. 50, Majeske II only requires that the court make the legal determination of whether the evidence before the jury was sufficient to support the jury's determinations as to compelling interests and narrow tailoring. The jury instructions are to state the appropriate legal standards and the jury is to make determinations within the confines of those instructions, with it further being presumed that the jury accurately and faithfully follows the instructions.

Moreover, even if Majeske II supports that review of the jury's determinations as to compelling interests and narrow tailoring is to be more demanding that the usual review of a jury verdict, that does not mean that special verdicts as to the underlying facts are mandatory. In First Amendment cases, the Supreme Court has held that "reviewing courts have an obligation to conduct an 'independent examination of the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression.'" National Organization for Women, Inc. v. Scheidler, 267 F.3d 687, 701 (7th Cir. 2001) (quoting Bose Corp. v. Consumers Union of United States, Inc., 466 U.S. 485, 499 (1984)). This rule applies to factfinding whether made by a judge or a jury. Scheidler, 267 F.3d at 701 (quoting Bose, 466 U.S. at 501). However, precisely how this standard applies in reviewing a jury verdict is unclear. Scheidler, 267 F.3d at 701 (citing Brown & Williamson Tobacco Corp. v. Jacobson, 827 F.2d 1119, 1128-29 (7th Cir. 1987), cert.

-6-

denied, 485 U.S. 993 (1988)). "In particular, it is not clear whether Bose requires an independent review only of the ultimate factual conclusion that the defendants' conduct fell outside the protection of the First Amendment, or whether the court is required to conduct a more searching review of 'findings of underlying facts, evaluations of credibility, and the drawing of inferences.'" Scheidler, 267 F.3d at 701 (quoting Brown & Williamson, 827 F.2d at 1128). The extent of the review potentially raises Seventh Amendment questions as to the right to a jury trial. See Scheidler, 267 F.3d at 701; Brown & Williamson, 827 F.2d at 1128-29. In both Scheidler and Brown & Williamson, the Seventh Circuit assumed, without deciding,[3] that wide-ranging, searching, independent review applied. The Seventh Circuit then applied that standard of review to the general verdicts that had been entered in each case. The Seventh Circuit did not find that special verdicts as to the underlying facts were necessary in order to apply this form of review.

This court rejects the format requested by defendant because it is within the province of the jury to apply the law contained in the instructions in order to reach determinations as to compelling interests and narrow tailoring. To the extent the issues are properly preserved and raised after the jury's verdict is returned, the court will review the evidence to determine whether the evidence is legally sufficient to support the jury's

---

[3]The Seventh Circuit could make this assumption in both cases because, even applying the more searching form of review, it upheld the jury's verdict in each case.

determinations as to compelling interests and narrow tailoring. Alternatively, even if review of the jury's verdict is to be more wide-ranging, such review can be conducted by this court or a reviewing court even without the type of special verdicts proposed by defendant.

IT IS THEREFORE ORDERED that defendant's motion to modify court's proposed jury instructions and jury verdict form is denied.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 31, 2002