Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 90 C 4984 | **DATE** | NOVEMBER 14, 2002 |
| **CASE TITLE** | ROBERT PETIT, et al. vs. CITY OF CHICAGO, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion to alter and set aside judgment [368] is denied without prejudice. Plaintiffs' amended motion to alter and set aside judgment [366] is denied.

(11) ■ [For further detail see attached Memorandum and Opinion and Order.]

| | No notices required, advised in open court. | | 7 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 15 2002 date docketed | 370 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11/14/02 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| cw | courtroom deputy's initials | | rjm mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT PETIT, et al., )
)
        Plaintiffs, )
)
v. ) No. 90 C 4984
)
CITY OF CHICAGO, a municipal )
corporation, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Following a mistrial, the remaining parties in this action filed Rule 50(b) motions for judgment as a matter of law and also moved for summary judgment. The Rule 50(b) motions were denied and defendant's motion for summary judgment was granted. See Petit v. City of Chicago, 2002 WL 31409589 (N.D. Ill. Oct. 24, 2002) ("Petit XI").[1] On October 24, 2002, a final judgment was entered in favor of all defendants. See Docket Entry [365].

Rule 59(e)'s ten-day time period for filing a motion to alter or amend expired on November 7, 2002. On November 4, 2002, plaintiffs timely filed a motion to alter and set aside judgment [368] which they presented on November 6, 2002. On the same dates, plaintiffs also filed and presented a motion to extend the

---

    [1]Throughout today's ruling, familiarity with Petit XI is presumed. Terms and abbreviations used in that opinion will also be used in today's opinion.

time to file an amended motion to alter and set aside judgment [367]. The motion for extension of time was denied, see Minute Order dated November 6, 2002 [369], because this court lacks authority to extend the time period for filing a Rule 59(e) motion. Fed. R. Civ. P. 6(b); Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 761 (7th Cir. 2001). Later on November 6, 2002, plaintiffs filed their amended motion to alter and set aside judgment [366] ("Pl. Am. Motion to Alter"). Because the amended motion was filed within the time for bringing a Rule 59(e) motion, it will be considered. Additionally, because the amended motion includes all the contentions contained in the initial motion, only the amended motion will be discussed and the initial motion to alter and set aside judgment will be denied without prejudice.

This lawsuit has been pending for more than 12 years. The parties have had substantial opportunity for discovery and the briefing of issues. See Petit XI, 2002 WL 31409589 at *5; Petit v. City of Chicago, 2001 WL 1143163 *1 (N.D. Ill. Sept. 27, 2001) ("Petit VII"). The parties were also provided with substantial opportunity and time to brief the Rule 50(b) and summary judgment motions. See Docket Entries [335]-[363]. A Rule 59(e) motion is not the appropriate mechanism for presenting new issues or facts that could have been raised during the pendency of the original proceeding, but were not. Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000); Divane v. Krull Electric Co., 194 F.3d 845, 850 (7th Cir. 1999); United States v. 47 West 644 Route 38, Maple Park,

Ill., 190 F.3d 781, 783 (7th Cir. 1999), cert. denied, 529 U.S. 1005 (2000); Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269-70 (7th Cir. 1996); Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985) (quoting Keene Corp. v. International Fidelity Insurance Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)).

In the present motion, plaintiffs first dispute the holding that the CBA's non-discrimination provision does not apply to promotions to sergeant. See Petit XI, 2002 WL 31409589 at *27-29 (§ III(C)(1)). Plaintiffs again rely on CBA § 23.3's provision that "Seniority shall be considered in the promotion of officers covered by this Agreement" as showing all provisions of the CBA apply to all promotions. Plaintiffs contend the court mistakenly assumed that provision could be referring to promotions to detective. See Petit XI, 2002 WL 31409589 at *28. Plaintiffs point to Robert Joyce's testimony at the Majeske trial,[2] which they contend shows that detective is an assignment, not a promotion. The testimony, though, is that a detective is a "police officer assigned as a detective" and that it is an "appointive position," not a "permanent career service appointment" as with a sergeant. Joyce did not testify that a detective appointment, unlike a sergeant appointment, is not a

---

[2] Majeske, Aug. 3, 1998 Tr. at 1402 (provided as Exh. D to Pl. Memo. in Reply to the City's Response to Pl.'s Motion for Judgment as a Matter of Law [356]).

promotion. To the contrary, opinions in both the Majeske case and consolidated discovery proceedings repeatedly refer to detective as a promotion. See, e.g., Majeske v. City of Chicago, 218 F.3d 816, 818 (7th Cir. 2000), cert. denied, 531 U.S. 1079 (2001); Majeske v. Fraternal Order of Police, Local Lodge No. 7, 94 F.3d 307, 308 (7th Cir. 1996); Majeske v. City of Chicago, 29 F. Supp. 2d 872, 873 (N.D. Ill. 1998); Majeske v. City of Chicago, 1998 WL 312016 *1 (N.D. Ill. June 4, 1998); In re Chicago Police Officer Promotions, 1995 WL 103296 *1 (N.D. Ill. March 2, 1995); In re Chicago Police Officer Promotions, 1993 WL 322834 *1 (N.D. Ill. Aug. 23, 1993). The Illinois Appellate Court has referred to the Chicago detective position as a promotion covered by the collective bargaining agreement in effect in 1995. See McArdle v. Rodriguez, 277 Ill. App. 3d 365, 659 N.E.2d 1356, 1360 (1st Dist. 1995) ("Unlike lieutenants, detectives were not members of the career service, and merit promotions for detectives were specifically authorized by a Police Department general order and the detectives' collective bargaining agreement between the City and the police union."). The Arbitration Decision ([351] Exh. 1, at 6), also refers to detective as a promotion. Plaintiffs do not point to evidence or law adequately raising an issue that appointment as a detective is not a promotion.

But even if the detective position is not a promotion, there is no evidence that there are not other possible promotions to which § 23.3 is referring. Moreover, there is still no express language in the CBA providing that the CBA in general or

the non-discrimination provision in particular applies to promotions to the non-bargaining unit position of sergeant. For the reasons stated in Petit XI, 2002 WL 31409589 at *28, the lack of an express provision requires that the non-discrimination provision of the CBA be construed as not applying to sergeant promotions. The holding contained in § III(C)(1) of Petit XI will not be modified.[3]

Plaintiffs object to the alternative holding in Petit XI that, in the event of any retrial, it would stand as established that a Discriminatory Effects Interest exists as to the promotion of Hispanics. Id. at *13, 19, 29, 33. Plaintiffs, however, do not make any argument against the holding that they failed to adequately preserve any Rule 50 challenge to that jury determination. See id. at *5-6 (§ II(B)(1)), 13. The alternative holding will stand.

Plaintiffs contend that, in rejecting their summary judgment motion as to the Discriminatory Effects Interest, see id. at *29-30, an incorrect burden of proof was applied. The prior holdings as to the applicable burden of proofs and their application in a jury trial will not be modified. See id. at *5 & n.11, 11-12; Petit v. City of Chicago, 219 F. Supp. 2d 917 (N.D. Ill. 2002) ("Petit X"). The expert testimony of Bernard Siskin was the principal evidentiary basis for holding that a

---

[3]Even if it were held that the non-discrimination provision applies to sergeant promotions, it would still have to be considered whether a breach of that provision "would otherwise preclude the possibility of an overriding compelling interest." Petit XI, 2002 WL 31409589 at *29.

factual dispute exists as to the Discriminatory Effects Interest.
Plaintiffs object to the consideration of that testimony.
Plaintiffs' objections to permitting Siskin to be substituted for
defendant's previously retained expert were previously denied and
plaintiffs were provided with Siskin's report years before the
trial was held and were provided with more than adequate
opportunity to retain their own expert and/or analyze Siskin's
opinions. See Petit v. City of Chicago, 1999 WL 66539 *1-2 (N.D.
Ill. Feb. 8, 1999) ("Petit III"); Petit v. City of Chicago,
2002 WL 10481 *6 (N.D. Ill. Jan. 3, 2002) ("Petit IX"). See also
Petit v. City of Chicago, 2001 WL 629306 *9-11 (N.D. Ill. May 25,
2002) ("Petit V"). Plaintiffs' present contention that they had
inadequate opportunity for the discovery necessary to contest
Siskin's testimony is without any merit.

Summary judgment in the City's favor was based on its
Operational Need Interest. See Petit XI, 2002 WL 31409589 at
*20-27 (§ III(B)(3)). As to the promotion of Hispanics, it was
based on both internal and external operational needs. See id.
at *25-26. As to the promotion of African-Americans, summary
judgment was based on external operational needs, there being a
genuine factual dispute as to the promotions being narrowly
tailored to internal operational needs for more African-American
sergeants. Id. at *26-27. Plaintiffs raise various objections
to the Operational Need Interest holdings.

First, plaintiffs contend defendant did not move for
summary judgment based on this ground. To the contrary,
defendant did move for summary judgment based on all three of the

asserted compelling interests. See Petit XI, 2002 WL 31409589 at *8 (citing Def. Response to Pl. Motion for Judgment as a Matter of Law [350] at 1-2 & n.2).

Next, plaintiffs rely on deposition testimony of LeRoy Martin,[4] Pl. Am. Motion to Alter [366], Exh. E at 63-64, that they contend states he did not believe additional Hispanics and African-Americans were needed to serve the CPD's operational needs. Since this evidence was not provided or relied upon in response to defendant's summary judgment motion, it is inappropriately relied upon to support the Rule 59(e) motion. Moreover, plaintiffs had the opportunity to cross examine Martin at trial, but did not attempt to use this deposition testimony to impeach his trial testimony. Further, even if the deposition testimony were to be considered, it does not support plaintiffs' present contention. It is unclear what Martin stated before and after the limited deposition excerpt provided by plaintiffs. As to what is provided, Martin said the greatest need for more African-Americans was among detectives, but he did not state that this was the only part of the force that needed more African-Americans, just the division where they were "mainly" needed. There is no deposition testimony that there was no need for additional African-American or Hispanic sergeants.

Plaintiffs dispute Petit XI's factual statements as to the existence of an internal operational need. Plaintiffs' present argument mainly goes to the internal operational need for

---

[4]Martin was the CPD's Police Superintendent during the time of the promotions at issue.

more African-American sergeants. That, however, was not a basis for granting summary judgment in favor of defendant. In any event, Petit XI adequately states the basis for holding there were no genuine factual disputes as to the existence of internal operational needs, including narrow tailoring in regard to the promotion of Hispanics.

As to external operational needs, plaintiffs contend that Martin's testimony is misdescribed. See Petit XI, 2002 WL 31409589 at *65 (citing Martin testimony, Tr. Vol. VIII 37). Contrary to plaintiffs' contention, Martin's testimony refers to all the sergeant promotions that occurred in 1988, 1990, and 1991, see Def. Exh. 40, not just the Out-of-Rank Promotions of Hispanics and women.

> Q [defendant's counsel]. Now, at the time you, as Superintendent of Police, made the promotions listed there [Def. Exh. 40] to sergeant in 1988, 1990 and 1991, did you believe it was necessary to make those promotions off the 1988 list and make the out-of-rank promotions to Hispanics and women to remedy past discrimination and to meet the department's operational needs?
>
> A. [Martin] Yes.

Tr. Vol. VIII 37 (emphasis added).

Also, plaintiffs now question the reliability of Cooper's testimony as to the need for African-American sergeants because, during the promotion period at issue, he was in a legal department desk job, not assigned to the field. At most, that contention goes to the weight of Cooper's testimony. As stated in Petit XI, 2002 WL 31409589 at *26, though, there was no evidence counter to Cooper's and Martin's testimony and

plaintiffs still do not point to any such evidence. A reasonable finder of fact could only find that there existed a need for additional African-American sergeants to serve the CPD's external operational needs.

Plaintiffs' present contentions as to the Walker survey do not matter since the survey was not essential evidence and the discussion of contact with commanders concerns a point raised by plaintiffs, not evidence relied upon to support the operational need holding. See id. at *25.

Plaintiffs contend that testimony about a need for minorities to serve in community policing programs is misplaced because the CPD did not begin community policing until 1995, after the promotions at issue in this case. In response to defendant's summary judgment motion, though, plaintiffs did not contend that expert witness Tom Potter's testimony regarding the use of community policing in Chicago was inaccurate. See id. at *24.[5] The actual testimony is that the CAPS community policing program started in late 1994 and went citywide in 1995. Tr. Vol. VII 161. Even if reliance on this testimony is not waived for having failed to cite it in response to defendant's motion for summary judgment, it would not affect the outcome. Although community policing was cited as involving greater

---

[5]Petit XI, 2002 WL 31409589 at *23, misdescribes Potter's testimony in stating: "He testified that building such trust is particularly important for community policing strategies, which the CPD began implementing in the mid-1980's." Potter actually testified that community policing was being talked about in police periodicals and journals in the mid-1980's and that, in the late 1980's or early 1990's, the CPD invited him to speak to senior staff about such programs. Tr. Vol. VII 68.

community interaction on the part of sergeants, testimony also supported that there is substantial interaction between sergeants and the community even without community policing and that having minority sergeants improves a police department's performance in such interaction. See Petit XI, 2002 WL 31409589 at *22-24. Again, there is no contrary evidence supporting a genuine factual dispute on this issue. The date community policing began would not change the holding regarding external operational need.

Plaintiffs' contentions that certain evidence should not be considered because not adequately disclosed in discovery have all either already been rejected or have been waived for failure to adequately object at the time the evidence was presented at trial.

Plaintiffs dispute the statement in Petit XI, 2002 WL 31409589 at *27, that "[t]he effect on many or most of the remaining plaintiffs was a delayed promotion to sergeant, not a complete exclusion from that position, nor any loss of an existing position." They point to the fact that 31 of 81 plaintiffs were promoted to sergeant based on the Examination. Thirty-one is still "many" of the plaintiffs being promoted. Moreover, 31 represents those who were promoted by 1991. An additional number of plaintiffs were promoted to sergeant based on subsequent promotional examinations.

Plaintiffs point to one of defendant's proposed facts contained in the final pretrial order. That proposed fact states in part: "The remaining 33 out-of-rank promotions to females are not at issue in this litigation." Final Pretrial Order,

Sched. B, Def. Stmt. ¶ 167. That statement is correct, the gender discrimination claims contained in the complaint were no longer pending at the time the case went to trial; § 1983 claims of race and national origin discrimination were the only pending claims. See Petit XI, 2002 WL 31409589 at *1 n.6; Petit IX, 2002 WL 10481 at *9. It is unclear how plaintiffs jump from the fact that 33 women received out-of-rank order promotions to the conclusion that 33 additional women are now entitled to be promoted based on operational need. They may be contending that 33 women should have been promoted based on operational need and that the 33 chosen should have been those women who scored the highest on the Examination without adjustments for racial standardization. Whatever the basis is for the logical leap, the contention is without merit for a number of reasons. One, gender claims were no longer pending by the time this case went to trial. Two, the City would not have been obliged to use the unstandardized Examination in determining which women to promote to satisfy its operational needs. Three, plaintiffs did not previously contend that operational need justified the promotion of women and continue to contend that race and gender cannot be an operational need. Four, even if operational need would justify more promotions of women, a municipality is not obliged to engage in affirmative action just because a compelling interest exists; narrowly tailored affirmative action is permitted by a compelling interest, not required by it. Coalition for Economic Equity v. Wilson, 122 F.3d 692, 709

(9th Cir.), cert. denied, 522 U.S. 963 (1997); L. Tarango Trucking v. County of Contra Costa, 181 F. Supp. 2d 1017, 1037 (N.D. Cal. 2001).

As to issues raised in the Rule 59(e) motion that are not expressly addressed herein, the analysis contained in Petit XI speaks for itself.

IT IS THEREFORE ORDERED that plaintiffs' motion to alter and set aside judgment [368] is denied without prejudice. Plaintiffs' amended motion to alter and set aside judgment [366] is denied.

ENTER:

*[signature: William T. Hart]*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 14, 2002